EDWARD A. McCORMACK, APPELLANT, V. FRANK TINCHER ET AL., APPELLEES.

FILED DECEMBER 21, 1906. No. 14,547.

Garnishment: EXEMPT WAGES: NONRESIDENTS. A nonresident of this state is not entitled to the benefits of, and cannot maintain an action based on, the act entitled "An act to provide for the better protection of the earnings of laborers, servants and other employees of corporations, firms, or individuals engaged in interstate business," being sections 531c-531f of the code.

APPEAL from the district court for Jefferson county: WILLIAM H. KELLIGAR, JUDGE. *Affirmed.*

*Heasty & Barnes,* for appellant.

*J. C. Hartigan, contra.*

DUFFIE, C.

The facts in this case, as they appear from the pleadings and from the admission of the parties on the oral argument, are as follows: Edward McCormack, the appel-

lant, is the head of a family, resides at McFarland, Kansas, and is in the employ of the Chicago, Rock Island & Pacific Railway Company. Tincher & Dickenson Brothers, the appellees, are merchants doing business in Fairbury. Nebraska. Sometime prior to the commencement of this action, McCormack being indebted to the appellees, they commenced a suit against him at Fairbury, and caused the Chicago, Rock Island & Pacific Railway Company to be garnished. At that time the company was indebted to him in the sum of $50 for wages earned within the preceding 60 days. Immediately upon being garnished, the railroad company discharged him, and in order to be reinstated he executed the bond provided by section 949 of the code, and obtained a discharge of the attachment. Thereafter he commenced an action in county court against Tincher & Dickenson Brothers under the provisions of sections 531c-531f of the code, where judgment was given him for the damages claimed. Tincher & Dickenson Brothers appealed to the district court, where a demurrer to the petition of the plaintiff was sustained, and the case dismissed. From this judgment the case has been brought here for review.

The demurrer raised the sufficiency of the petition to constitute a cause of action, it not being alleged that McCormack was a resident of this state, and this raises the question whether a nonresident of the state is entitled to the relief awarded by the sections of the statute above referred to, or whether that statute, and the remedy afforded the employees whose wages have been garnished, was intended only for the residents of the state. Section 531c is in the following language: "That it be and is hereby declared unlawful for any creditor of, or other holder of any evidence of debt, book account, or claim of any name or nature against any laborer, servant, clerk, or other employee, of any corporation, firm or individual, in this state, for the purpose below stated, to sell, assign, transfer, or by any means dispose of any such claim, book account, bill, or debt of any name or nature whatever, to any person

or persons, firm, corporation or institution, or to institute, in this state or elsewhere, or prosecute any suit or action for any such claim or debt against any such laborer, servant, clerk, or employee by any process seeking to seize, attach, or garnish the wages of such person or persons earned within sixty days prior to the commencement of such proceeding, for the purpose of avoiding the effect of the laws of the state of Nebraska concerning exemptions." That the statute is not plain and unambiguous clearly appears from a first reading thereof, and the point under consideration turns upon the question whether the phrase "in this state" following the word "individual" refers to the employer or the employee. That it was intended to define and locate the residence of one or the other of these parties is manifest. That it was not intended to refer to the residence of the employer is also quite apparent from the title of the act, which is: "An act to provide for the better protection of the earnings of laborers, servants and other employees of corporations, firms, or individuals engaged in interstate business." This title contemplates that the residence of the employer may be in this state or in a sister state, the qualification as to him being that he shall be engaged in interstate commerce and be subject to garnishment in some sister state. Again, it could not have been the intention of the legislature to prohibit a resident of this state from sending a claim held by him against a resident of an adjoining state, the employee of a railway operated through both states, to be sued there, and the rights of the parties determined by the laws of the state where the debtor resides.

By the holding of this court in *Wright v. Chicago, B. & Q. R. Co.*, 19 Neb. 175, the nonresident debtor was amply protected prior to the passage of this act, the holding being that he could claim his exemption of 60 days' wages in a suit brought against him in this state, although a nonresident. The state of Iowa refused to extend the exemption of workmen's wages to nonresidents of the state, and,

prior to the enactment of this law, the practice had grown into a custom for creditors here, holding claims against residents in the employ of the Union Pacific and other roads doing an interstate business, to sell or assign their claim to some party in Iowa, who brought suit upon it there, and in that manner evaded the provisions of our exemption laws. It was to protect our own citizens from this practice, and not nonresidents who were not subject to this abuse, that the statute was passed, and, in the light of the circumstances calling for its passage, there is no doubt that it was the intention of the legislature to confine its benefits to residents of the state, and the phrase "in this state," before referred to, was undoubtedly used to define the residence of the employee. While the question was never before squarely presented to the court, our former decisions all indicate that this was the construction which should be given the law. In *Bishop v. Middleton*, 43 Neb. 10, it is said: "The act should be construed with reference to its object. Its object was to prevent the evasion of our exemption law by garnishment of a corporation employing a man in this state, but having such a *situs* in another state as to permit of its being reached by legal process there." In *Singer Mfg. Co. v. Fleming*, 39 Neb. 691, it is said: "The wrong was in seizing the debt situated in Nebraska, payable in Nebraska to a citizen of Nebraska." We hold, therefore, that a nonresident cannot maintain an action under this statute, and that the demurrer was properly sustained.

We recommend an affirmance of the judgment of the district court.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.