**WESTMONT INDUSTRIES, INC., Plaintiff,**

v.

**Michael WEINSTEIN and Philip Kagan, Defendants.**

Civ. No. 89–750.

United States District Court, M.D. Pennsylvania.

Dec. 18, 1989.

Charles P. Gelso, Raymond P. Wendolowski, Koff, Wendolowski and Ferguson, Wilkes–Barre, Pa., for plaintiff.

Gerard A. Riso, Ruffa & Riso, New York City, Arthur H. Rainey, Deckhert, Price & Rhoads, Philadelphia, Pa., for Michael Weinstein.

Patrick C. Carey, Fine & Wyatt, P.C., Richard A. Polachek, Bialkowski, Savitsky & Polachek, P.C., Scranton, Pa., for Philip Kagan.

## MEMORANDUM

KOSIK, District Judge.

This matter is before the court on the motion to dismiss of defendant Philip Kagan. For the reasons that follow, the motion will be denied.

*Background*

The plaintiff commenced the instant civil action pursuant to 18 U.S.C. § 1964(c) and 28 U.S.C. § 1332(a)(1) by filing the complaint on May 18, 1989. For the purposes of this motion we shall accept as true the factual allegations contained in the complaint. *Wisniewski v. Johns–Manville Corp.*, 759 F.2d 271, 273 (3d Cir.1985). The facts are as follows. The plaintiff, a Pennsylvania corporation, was in the fabric dying and finishing business, including the dying and finishing of camouflage material. Defendant Weinstein was chief executive officer of Coated Sales, Inc. [hereinafter "Coated Sales"] which was in the business of manufacturing clothing from material which it had dyed or finished or caused to be dyed or finished by subcontractors. Defendant Kagan was both general counsel and a director of Coated Sales as well as counsel for the plaintiff. Kagan, in his capacity as counsel for the plaintiff, gained detailed knowledge of the plaintiff's business dealings, financial position and potential and contingent liabilities.

In the Fall of 1987, as a result of an ongoing business relationship between the plaintiff and Coated Sales, Coated Sales through defendants Weinstein and Kagan indicated a desire to acquire the plaintiff corporation. To that end, on May 26, 1987, Coated Sales issued a letter of intent confirming that it would purchase within one hundred and eighty [180] days the assets

and liabilities associated with or owned by the plaintiff and its parent company, Poughkeepsie Dying and Finishing of Paterson, New Jersey. The agreement was to remain confidential and none of the terms of the Letter of Intent were to be disclosed without the prior written consent of both parties.

The terms of the Letter of Intent were violated when defendants Kagan and Weinstein made known to Coated Sales' investment banker, Wertheim & Co., the terms of the acquisition of the plaintiff by Coated Sales. In addition, defendant Kagan directed that a press release be disseminated by Wire Services announcing that a Letter of Intent had been entered into and that the acquisition called for payment of a combination of cash and restricted common stock. As a result of these disclosures, the plaintiff began to lose customers who were unwilling to do business with the plaintiff in the face of the acquisition by their competitor, Coated Sales. Thereafter, Coated Sales also began to cease doing business with the plaintiff so that by August of 1987 the plaintiff was in severe financial difficulty and facing the possibility of bankruptcy.

Meanwhile, in May of 1987, the plaintiff's auditors, Parente, Randolph, Orlando, Carey & Associates [hereinafter "Parente"], had requested that defendant Kagan and his firm respond to their inquiry regarding potential liabilities so that Parente could complete its audit of the plaintiff and render its opinion on the certified financial statements to be used in Coated Sales' acquisition of the plaintiff. Defendant Kagan not only failed, but intentionally refused to respond to the auditor's inquiry. Lacking this information, Parente could not render an opinion or certify financial statements, and closing on the acquisition by Coated Sales was impossible. Thereafter, defendant Kagan sent a letter to the plaintiff on behalf of Coated Sales terminating the Letter of Intent for unexplained reasons.

The plaintiff claims that the motive behind the defendants' actions was to drive the plaintiff into bankruptcy and then acquire the plaintiff's assets at a substantially lower price. The plaintiff bases this assertion on discussions held in December of 1986 between defendant Weinstein and Industrion, which was a customer of the plaintiff. The plaintiff claims this position was reiterated in the summer of 1987 in conversations between defendant Kagan and principals of Parente.

As a result of these activities, the plaintiff filed the instant complaint asserting claims against defendants Weinstein and Kagan for business tort, fraud, negligent misrepresentation and violations of the Racketeer Influenced and Corrupt Organizations Act [hereinafter "RICO"]. In addition, the plaintiff asserts a claim against defendant Kagan for negligence and breach of contract arising out of his actions as the plaintiff's counsel. Defendant Kagan filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(7), 12(b)(6) and 12(e). After appropriate briefing by the parties, this matter is now ripe for disposition.

## I.

■ Federal Rule of Civil Procedure 12(b)(7) permits a motion to dismiss when there is absent a party without whom complete relief cannot be granted or whose interest in the dispute is such that to proceed in his absence might prejudice him or the parties already before the court. *McDonald v. General Mills, Inc.*, 387 F.Supp. 24, 37 (E.D.Cal.1974); 5 Wright & Miller, Federal Practice and Procedure, § 1359 p. 628. F.R.C.P. 19(a) states:

Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if [1] in his absence complete relief cannot be accorded among those already parties, or [2] he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may [i] as a practical matter impair or impede his ability to protect that interest or [ii] leave any of the persons already parties subject to a substantial risk of

incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest. . . .

Coated Sales has claimed no interest relating to the subject of this action. In addition, the defendant has not established that he may be subject to multiple or inconsistent obligations if Coated Sales is not joined. Although it is true that the plaintiff's complaint alleges that Coated Sales breached its contract with the plaintiff, it seems obvious that in the present action the plaintiff seeks to impose individual liability on the defendants for their own tortious and intentional conduct. The fact that Coated Sales could also be vicariously liable does not make it an indispensible party.

It is well established that Rule 19 does not require the joinder of joint tortfeasors, nor principals and agents, nor persons against whom the defendant may have a claim for contribution. *Nottingham v. General American Communications Corp.*, 811 F.2d 873 (5th Cir.1987), *cert. denied*, 484 U.S. 854, 108 S.Ct. 158, 98 L.Ed.2d 113 (1987). Thus, whether Coated Sales is a joint tortfeasor, principal or contributor to an award, Coated Sales is not an indispensible party to the present action. Accordingly, defendant's motion to dismiss pursuant to Rule 12(b)(7) is denied.

## II.

The defendant next contends that the plaintiff's complaint should be dismissed for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), and has included a motion to strike or to amend as to Counts II and V. The standard to be applied by this court in considering a motion to dismiss is clear. When a motion to dismiss is filed, the court must accept the allegations in the plaintiff's complaint as true. *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Moreover, we can dismiss a complaint pursuant to Rule 12(b)(6) only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations. *Id.*

▇ As to Count I of the plaintiff's complaint, the defendant asserts that the plaintiff is alleging a breach of contract action between the plaintiff and Coated Sales. As a result, the defendant asserts that the plaintiff's cause of action can only be maintained against Coated Sales. Thus, the defendant assumes that the plaintiff's complaint is based upon the defendant's interference with the contract between the plaintiff and Coated Sales. We believe that the defendant misreads the plaintiff's complaint.

As we read Count I of the complaint, the plaintiff is asserting that the defendants tortiously interfered with existing or prospective contractual relations between the plaintiff and third parties other than Coated Sales. Thus, the plaintiff's claim under Count I is not based upon a breach of contract between the plaintiff and Coated Sales.

In order to allege a cause of action for intentional interference with prospective or existing contractual relations, a plaintiff must plead the following elements: [1] a prospective or existing contractual relation; [2] the purpose or intent to harm the plaintiff by preventing the relation from occurring; [3] the absence of privilege or justification on the part of the defendant; and [4] the occasioning of actual damage resulting from the defendant's conduct. *Adler, Barish, Daniels, Levin & Creskoff v. Epstein*, 482 Pa. 416, 393 A.2d 1175 (1978); *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466 (1980); *SHV Coal, Inc. v. Continental Grain Co.*, 376 Pa.Super. 241, 545 A.2d 917 (1988).

We have reviewed Count I of the plaintiff's complaint, and we believe that the allegations are sufficient to put the defendants on notice of the claim for intentional interference with existing or prospective contractual relations. The complaint sets forth at length a course of conduct allegedly engaged in by the defendants and provides the defendants with fair notice of the nature of plaintiff's claim. Accordingly, we shall deny the defendant's motion to dismiss Count I of the plaintiff's complaint.

■ As to Count II of the complaint, the defendant argues that the plaintiff has failed to allege a sufficient basis for sustaining an action based on fraud and has not stated the circumstances allegedly constituting fraud with particularity.

The five standard elements constituting a cause of action for fraud are: [1] a misrepresentation of fact; [2] fraudulently uttered; [3] with intent to induce reliance; [4] inducing justifiable reliance; [5] to the injury of a party. *Averbach v. Rival Manufacturing Co.,* 809 F.2d 1016 (3d Cir.1987). In determining whether a complaint states a cause of action, we are bound to consider not only the statements in the pleading itself but also to draw reasonable inferences in favor of the pleader. *Quinones v. United States,* 492 F.2d 1269, 1273 (3d Cir.1974). We have reviewed the plaintiff's complaint and we believe that the plaintiff has pleaded sufficiently to give the defendant "fair notice" of the plaintiff's claim. *In re Arthur Treacher's Franchise Litigation,* 92 F.R.D. 398 (E.D.Pa.1981). Accordingly, the defendant's motion to dismiss Count II of the complaint, or in the alternative, for a more definite statement, will be denied.

■ Regarding Count III of the plaintiff's complaint, the defendant argues that the plaintiff fails to allege a sufficient basis for sustaining an action based on negligent misrepresentation. In order to plead an action for negligent misrepresentation, a plaintiff must show that the defendant asserted [1] a negligent [2] misrepresentation [3] in the course of a business, professional, employment or pecuniary transaction [4] with the intention by the defendant that the plaintiff would be induced to act thereupon [5] that the plaintiff justifiably relied upon the misrepresentation [6] and that damage to the plaintiff proximately resulted. *Browne v. Maxfield,* 663 F.Supp. 1193 (E.D.Pa.1987). We have reviewed the allegations in the plaintiff's complaint and feel that they are sufficient to give the defendant notice of the nature of the plaintiff's claim. Accordingly, defendant's motion to dismiss Count III of the plaintiff's complaint will be denied.

■ Similarly, we believe that the defendant's motion to dismiss Count IV of the complaint should be denied. Under Pennsylvania law, a claim of legal malpractice may rise under both contract and tort theories. *Sherman Industries, Inc. v. Goldhammer,* 683 F.Supp. 502 (E.D.Pa.1988). Furthermore, a plaintiff may combine tort and contract claims in one malpractice complaint by asserting that the defendant has breached both specific contractual terms and a general lawyer's duty of care. *Id.* See also *Guy v. Liederbach,* 501 Pa. 47, 459 A.2d 744 (1983). Again, the plaintiff's allegations are sufficient to put the defendant on notice of the nature of the plaintiff's claims, so we shall deny the defendant's motion to dismiss Count IV of the complaint.

■ Finally, the defendant contends that plaintiff's civil RICO claim in Count V should be dismissed, or in the alternative, the plaintiff should be required to amend the complaint to provide greater specificity.

In order to survive a Rule 12(b)(6) motion, a civil RICO claim must allege [1] the conducting of [2] an enterprise [3] through a pattern [4] of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985); *Saporito v. Combustion Engineering, Inc.,* 843 F.2d 666 (3d Cir.1988); *vacated and remanded on other grounds,* 489 U.S. 1049, 109 S.Ct. 1306, 103 L.Ed.2d 576 (1989). The plaintiff alleges that the defendants used the mail, telecommunication and wire services in their fraudulent scheme and that this use constituted a predicate act of racketeering activity.[1] As a result, the fraudulent acts must be pleaded with particularity under Fed.R.Civ.P. 9(b). *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,* 742 F.2d 786 (3d Cir.1984), *cert. denied,* 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985).

Since we have already determined above that Count II of the plaintiff's complaint sufficiently states a cause of action for

---

1. *See* Doc. 1, paragraph 85.

fraud, we believe there is no reason to reiterate our reasoning here. Accordingly, we believe that the plaintiff has satisfied the requirement that the allegations of fraud be plead with particularity.

In addition, however, we must consider whether the plaintiff has sufficiently pleaded a "pattern" of racketeering activity. In order to satisfy this requirement, the plaintiff is required to show "at least two acts of racketeering activity" engaged in by the defendant. 18 U.S.C. § 1961(5). The Supreme Court recently determined that "RICO's legislative history reveals Congress' intent that to prove a pattern of racketeering activity a plaintiff or prosecutor must show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *H.J. Inc., et al. v. Northwestern Bell Telephone Co., et al.*, 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). Furthermore, the concept of a "pattern of racketeering activity" has been regarded expansively rather than restrictively. *See Id.; See also Saporito v. Combustion Engineering Inc., supra.*

As a result, we must apply the Supreme Court's analysis of RICO's pattern requirement to the present case, bearing in mind that we may only dismiss the plaintiff's RICO claim if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

The plaintiff asserts that on different occasions during the course of the attempted acquisition of the plaintiff by Coated Sales, the defendants used the United States mails, interstate telephone wires and wire transmissions in order to transmit the Letter of Intent and other information as well as conduct negotiations in furtherance of their fraudulent scheme. We believe that it is premature at this point to hold that no relief could be granted under any set of facts that could be proven consistent with the RICO allegations. Accordingly, the defendant's motion to dismiss Count V,

or in the alternative for a more definite statement, will be denied.

### ORDER

AND NOW, this 18th day of December, 1989, IT IS HEREBY ORDERED THAT:

[1] the defendant's motion to dismiss pursuant to Rule 12(b)(7) is denied;

[2] the defendant's motion to dismiss pursuant to Rule 12(b)(6) is denied;

[3] the defendant's motion for a more definite statement pursuant to Rule 12(e) is denied; and

[4] the defendant is directed to file an answer to the complaint within twenty [20] days of the date of this Memorandum and Order.