WILLIAM E. ZALESKI, APPELLANT, V. COLLECTION BUREAU
OF GRAND ISLAND ET AL., APPELLEES.
664 N.W.2d 32

Filed June 24, 2003.   No. A-01-1187.

William E. Zaleski, pro se.

William M. Wroblewski for appellee Collection Bureau of Grand Island.

Don Stenberg, Attorney General, Amber Fae Herrick, and Linda L. Willard for appellees James F. Worster and Nebraska Department of Correctional Services.

Donald J. Pavelka, Jr., and Matthew E. Eck, of Locher, Cellilli, Pavelka & Dostal, L.L.C., for appellees Kathryn Potter and Wells Fargo Bank.

IRWIN, Chief Judge, and CARLSON and MOORE, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

William E. Zaleski appeals from an order of the district court for Lancaster County dismissing Zaleski's petition upon granting the following defendants' demurrers: Collection Bureau of Grand Island, Inc. (Bureau); James F. Worster; Nebraska Department of Correctional Services (DCS); Kathryn Potter; and Wells Fargo Bank (WFB). Zaleski contends that he did plead sufficient facts to state a cause of action. For the reasons stated herein, we reverse the district court's order sustaining the demurrers and remand the case for further proceedings.

## II. BACKGROUND

On November 7, 2000, Zaleski filed a petition alleging that the Bureau on "September 22, 1999, instituted or prosecuted an action to collect upon their judgments against [Zaleski] in the [c]ounty [c]ourt of Lancaster County . . . to seize or garnish the wages [Zaleski] earned within 60 days prior to the commencement of said proceeding." Zaleski further alleged that the Bureau filed its garnishment action for "the purpose of avoiding the effect of the laws of the State of Nebraska concerning exemptions, in violation of Neb.Rev.Stat. §25-1560 (Reissue 1995)."

Zaleski alleged that Worster, an employee of DCS, answered interrogatories sent to him from the Bureau. Worster indicated in his answers that Zaleski had money in a bank account. It is by this action that Zaleski alleges Worster and DCS "aided, assisted, abetted or counseled the Bureau's violation of Neb.Rev.Stat. §25-1560." See Neb. Rev. Stat. § 25-1561 (Reissue 1995) (aiding and abetting violation of Neb. Rev. Stat. § 25-1560 (Reissue 1995)). Potter, an employee of WFB, answered interrogatories

sent to her from the Bureau. In Potter's answers, she informed the Bureau that Zaleski had $875.06 in an account at WFB. Again, it is by this action that Zaleski contends Potter and WFB "aided, assisted, abetted, or counseled the Bureau's violation of §25-1560." See Neb. Rev. Stat. § 25-1563 (Reissue 1995).

Zaleski also contended that the Bureau completed its violation of § 25-1560 by processing the garnishment and transferring $875.06 out of his account at WFB. Zaleski also alleged that the "wrongful actions" of Worster and DCS "along with the actions of the other defendants" set forth in his first cause of action also "state a cause of action under the Nebraska Tort Claims Act."

On December 12, 2000, the Bureau filed a demurrer. On December 14, Worster and DCS filed a demurrer. On January 2, 2001, Potter and WFB filed a demurrer. All defendants alleged in their demurrers that Zaleski failed to state a cause of action from which relief could be granted. Other grounds were alleged by the defendants, but the failure to state a cause of action was the only ground all defendants had in common. Zaleski filed his objections on December 27, 2000. After a hearing on January 5, 2001, the court sustained the defendants' demurrers on January 18. Zaleski was given 30 days to file an amended petition.

On February 26, 2001, Zaleski filed an amended petition. The allegations set forth in the amended petition were substantially similar to those in the initial petition. Zaleski added information in the amended petition regarding a " 'release savings account' " which DCS "controls."

On March 7, 2001, Potter and WFB filed a demurrer. On March 12, the Bureau filed a demurrer. On March 16, Worster and DCS filed a demurrer. Again, all defendants alleged that Zaleski failed to state a cause of action from which relief could be granted. Other grounds were alleged by the individual defendants, but failure to state a cause of action was the only ground common to all defendants. On March 20, Zaleski filed his objections. After a hearing on March 23, the court sustained the defendants' demurrers on April 13. Zaleski was given 30 days to further plead.

On September 25, 2001, the court issued an order to show cause, asking the parties to show cause why this case should not be dismissed for not being "diligently pursued." Zaleski responded, stating that he "intended to stand on his pleadings" and asking

the court to "take 'the necessary action' so that [he] could initiate his appeal." Zaleski asked the court to enter an order of dismissal. On October 5, the court issued an order dismissing the case. This timely appeal followed.

## III. ASSIGNMENTS OF ERROR

Zaleski assigns two errors on appeal. First, Zaleski contends that the court erred when it did not specify the grounds for sustaining the demurrers. Second, Zaleski contends that the court erred in sustaining the demurrers.

## IV. ANALYSIS

### 1. STANDARD OF REVIEW

When reviewing an order sustaining a demurrer, an appellate court accepts the truth of the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom, but does not accept as true the conclusions of the pleader. *Vowers & Sons, Inc. v. Strasheim,* 248 Neb. 699, 538 N.W.2d 756 (1995); *Seevers v. Potter,* 248 Neb. 621, 537 N.W.2d 505 (1995). In reviewing a ruling on a general demurrer, an appellate court cannot assume the existence of a fact not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. *Vowers & Sons, Inc. v. Strasheim, supra; Proctor v. Minnesota Mut. Fire & Cas.,* 248 Neb. 289, 534 N.W.2d 326 (1995).

As to questions of law, an appellate court has an obligation to reach a conclusion independent from a trial court's conclusion in a judgment under review. *Seevers v. Potter, supra; George Rose & Sons v. Nebraska Dept. of Revenue,* 248 Neb. 92, 532 N.W.2d 18 (1995).

### 2. COURT'S FAILURE TO SET FORTH GROUNDS
### ON WHICH DEMURRERS WERE GRANTED

Zaleski contends that the district court erred when it did not specify why it granted the defendants' demurrers. Zaleski argues that the multiple grounds the defendants alleged in their demurrers make it difficult to determine why the district court sustained the defendants' demurrers.

In *Pratt v. Nebraska Bd. of Parole,* 252 Neb. 906, 909, 567 N.W.2d 183, 186 (1997), the Nebraska Supreme Court stated that

"when a demurrer is interposed stating several grounds, the court sustaining the demurrer should specify the grounds upon which it is sustained. Otherwise, [an appellate] court is not informed in regard to wherein the complaint was determined to be deficient." However, in *Fulk v. McLellan*, 243 Neb. 143, 498 N.W.2d 90 (1993), the court found that when there are not specific findings, then all grounds for the demurrer must be reviewed to determine if one objection or any of the objections taken together support the trial court's decision to sustain the demurrer and dismiss the petition.

In this case, the district court did not specifically state on which ground it was sustaining the defendants' demurrers. As such, we must review each objection alleged in the demurrers to determine if the district court properly sustained the demurrers. This assigned error is without merit.

### 3. FAILURE TO STATE CAUSE OF ACTION

Zaleski contends that his petition did state a cause of action under §§ 25-1560, 25-1561, and 25-1563. Zaleski argues that he set forth all of the factual allegations necessary, as listed in § 25-1560.

Section 25-1560 states:

It is hereby declared unlawful for any creditor of, or other holder of any evidence of debt, book account, or claim of any name or nature against any laborer, servant, clerk, or other employee, of any corporation, firm or individual in this state engaged in interstate business, for the purpose below stated, to sell, assign, transfer, or by any means dispose of any such claim, book account, bill, or debt of any name or nature whatever, to any person or persons, firm, corporation or institution, or to institute, in this state or elsewhere, or prosecute any suit or action for any such claim or debt against any such laborer, servant, clerk or employee by any process seeking to seize, attach, or garnish the wages of such person or persons earned within sixty days prior to the commencement of such proceeding, for the purpose of avoiding the effect of the laws of the State of Nebraska concerning exemptions.

Section 25-1560 is essentially the same statute, although re-numbered, as was in effect in 1906 when the Nebraska Supreme

Court explained the purpose of the statute in *McCormack v. Tincher*, 77 Neb. 857, 110 N.W. 547 (1906). In *McCormack*, the wages the employee earned in the 60 days preceding the suit filed by the creditors were garnished. The employee filed suit, apparently alleging that the creditors had violated the statute at issue in the case because his wages earned in the preceding 60 days were garnished, which wages were supposed to be exempt. At the conclusion of the case, the employee was denied relief because he was a nonresident of Nebraska. However, in reaching the conclusion that the statute did not apply to nonresidents, the court stated that the purpose of enacting this law was to protect Nebraska residents from

> the practice [that] had grown into a custom for creditors here, holding claims against residents in the employ of the Union Pacific and other roads doing an interstate business, to sell or assign their claim to some party in Iowa, who brought suit upon it there, and in that manner evaded the provisions of our exemption laws. It was to protect our own citizens from this practice, and not nonresidents who were not subject to this abuse, that the statute was passed, and, in the light of the circumstances calling for its passage, there is no doubt that it was the intention of the [L]egislature to confine its benefits to residents of the state . . . .

*McCormack v. Tincher*, 77 Neb. at 860, 110 N.W. at 548.

In this case, Zaleski alleged in his amended petition that the Bureau on "September 22, 1999, instituted or prosecuted an action to collect upon their judgments against [Zaleski] in the [c]ounty [c]ourt of Lancaster County . . . seeking to seize or garnish the wages [Zaleski] earned within 60 days prior to the commencement of said action." Zaleski further alleged that the Bureau filed its garnishment action for "the purpose of avoiding the effect of the laws of the State of Nebraska concerning exemptions, in violation of Neb.Rev.Stat. §25-1560 (Reissue 1995)." With regard to Worster, DCS, Potter, and WFB, Zaleski alleged that they violated § 25-1563 when they answered interrogatories sent to them from the Bureau. Zaleski contended that Worster, DCS, Potter, and WFB "aided, assisted, abetted or counseled the Bureau's violation of §25-1560."

When we examine the allegations made in Zaleski's amended petition, we determine that he did state a cause of action under § 25-1560. Zaleski alleged that he was an employee of a corporation in Nebraska engaged in interstate business. He stated that 5 percent of his salary is placed in a " 'release savings account' " and that within 60 days prior to the garnishment proceedings, wages were placed in Zaleski's account that would be exempt from garnishment. Zaleski further alleged that the Bureau initiated this action to garnish his exempt wages in an effort to avoid the laws of Nebraska. If we take as true all of Zaleski's allegations, then he pled all of the facts necessary for a cause of action against the Bureau under § 25-1560.

With regard to the other defendants, Zaleski contends that that when Worster, DCS, Potter, and WFB provided information to the Bureau about the money contained in Zaleski's release savings account, they aided and abetted the Bureau's attempt to avoid the laws of Nebraska. Section 25-1561 states that it is "unlawful for any person or persons to aid, assist, abet or counsel a violation of section 25-1560, for any purpose whatever." If we take all of the facts pled by Zaleski as true, he stated a cause of action against Worster, DCS, Potter, and WFB for aiding and abetting the Bureau's attempt to avoid the laws of Nebraska. As such, to the extent the district court relied upon Zaleski's failure to state a cause of action as a reason to sustain the defendants' demurrers, it erred. Because the district court only generally sustained the defendants' demurrers, we will address the other grounds raised in the demurrers.

### 4. OTHER GROUNDS FOR DEMURRERS

#### (a) Subject Matter Jurisdiction

In both the Bureau's and Worster and DCS' demurrers, they argued that the court lacked subject matter jurisdiction. The Bureau, Worster, and DCS argued at the hearing on the demurrers that the court should sustain their demurrers because it lacked subject matter jurisdiction. The Bureau argued one reason for the lack of subject matter jurisdiction, and Worster and DCS argued a different reason. We will set forth each argument in turn.

### (i) Bureau's Argument

A demurrer goes only to those defects which appear on the face of the petition, and where the alleged defect does not appear on the face of the petition, it becomes an affirmative defense which must be raised by the party seeking the benefit of the defect. *Calvert v. Roberts Dairy Co.*, 242 Neb. 664, 496 N.W.2d 491 (1993). See, also, *Lawry v. County of Sarpy*, 254 Neb. 193, 575 N.W.2d 605 (1998) (district court erred when it sustained demurrer based on discretionary function exception to general waiver of tort immunity because that was affirmative defense).

The Bureau contends that the court lacked subject matter jurisdiction because this case is about the "garnishment of a bank account," not "wages" as set forth in § 25-1560. After reviewing the face of the petition, there is nothing to indicate that the money in the bank account at WFB is *not* wages. Zaleski alleges that "wages that were exempt from garnishment" were placed in the " 'release savings account' " within 60 days of the garnishment. The petition also shows that the Bureau was able to remove all of the money in the release savings account, except $20 which was kept by WFB as a processing fee for the garnishment transaction.

If we assume as true all of the well-pled facts in the petition, i.e., that the money placed in the account within 60 days of the garnishment was in fact wages, then Zaleski has pled sufficient facts. In order for the court to reach the conclusion that the money placed in the account was not wages, it needs more information than the face of the petition is able to provide. Therefore, to the extent the court relied on this argument in sustaining the demurrers, it erred.

### (ii) Worster and DCS' Argument

Worster and DCS argue that there is a defect in the parties. Worster and DCS contend that all they did was answer the interrogatories sent out by the Bureau. Worster and DCS argue that they "can't be in violation of one law for complying with another law."

Much like the Bureau's argument set forth in the previous section, there is nothing on the face of the petition that would indicate Worster and DCS were merely answering interrogatories and therefore "[could not] be in violation of one law for

complying with another law." When Worster and DCS asserted these facts at the hearing on the demurrers, they essentially set forth an affirmative defense. The face of the petition alleges that Worster and DCS aided and abetted the Bureau in avoiding the laws of Nebraska by giving the Bureau information about Zaleski's accounts. If we take all of the facts well pled to be true, Zaleski stated a cause of action against Worster and DCS for aiding and abetting the violation of § 25-1560.

Worster and DCS' argument at the hearing on the demurrers is misplaced. Affirmative defenses are not asserted at this stage of the proceeding, nor should a court sustain a demurrer based on an affirmative defense. See, *Lawry v. County of Sarpy, supra*; *Calvert v. Roberts Dairy Co., supra*. To the extent the court relied on this argument in sustaining the demurrers, it erred.

### (b) Resolution

As mentioned above, the trial court generally sustained the demurrers without ruling on each allegation set forth in the defendants' demurrers. In *Fulk v. McLellan*, 243 Neb. 143, 498 N.W.2d 90 (1993), the court found that when there are not specific findings, then all grounds for the demurrer must be reviewed to determine if one objection or any of the objections taken together support the trial court's decision to sustain the demurrer and dismiss the petition.

After examining all the grounds the defendants set forth, we find that none of them, or a combination of any of them, can be taken together to support the court's decision to sustain the defendants' demurrers. Therefore, we reverse the court's decision sustaining the defendants' demurrers.

### 5. STATE TORT CLAIMS ACT

Zaleski argues on appeal that he also stated a claim in his amended petition under the State Tort Claims Act, Neb. Rev. Stat. § 81-8,209 et seq. (Reissue 1996 & Cum. Supp. 2002), against Worster and DCS. The basis of this claim is that Worster's and DCS' "wrongful actions" in violating § 25-1561 injured Zaleski and entitled him to a "money judgment" against Worster and DCS. Before we deal with the merits of Zaleski's assigned error, we note that there is no argument on appeal that Zaleski did not

comply with all procedural requirements of the State Tort Claims Act. The only contention is that he did not state a cause of action under this statute.

Section 81-8,210(4) states in pertinent part:

> Tort claim shall mean any claim against the State of Nebraska for money only on account of damage to or loss of property or an account of personal injury or death caused by the negligent or *wrongful act* or omission of any employee of the state, while acting within the scope of his or her office or employment . . . .

(Emphasis supplied.)

In this case, we determine that Zaleski pled a cause of action against Worster and DCS for violating § 25-1561. If we assume that all of the well-pled facts of the petition are true, then Zaleski stated a cause of action under § 81-8,210. As such, we reverse the order of the district court sustaining the defendants' demurrers and remand the case for further proceedings.

## V. CONCLUSION

The district court did not err when it did not specify the grounds for sustaining the demurrers. The district court erred in finding that the demurrers should be sustained and in dismissing Zaleski's amended petition.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.