DAVID P. LINDQUIST, APPELLANT, V. L. M. TOWLE, APPELLEE.

82 N. W. 2d 631

Filed April 26, 1957. No. 34173.

*David P. Lindquist*, pro se.

*Max G. Towle, Farley Young*, and *Thomas J. McManus*, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiff, David P. Lindquist, filed a petition in the district court seeking specific performance by defendant, L. M. Towle, of his alleged statutory duty, as clerk of the Lincoln Municipal Court, to accept and file a request for trial on the merits and other papers with relation thereto in an action filed by plaintiff in that court, while hearing on a special appearance was pending therein. Plaintiff also sought to reverse a municipal court order sustaining such special appearance and to recover damages and attorney's fees from defendant.

Defendant filed a general demurrer to plaintiff's petition. Plaintiff then filed a showing in opposition thereto in which he requested a judgment in favor of plaintiff upon the facts allegedly admitted by defendant's demurrer, the effect of which was simply to contend that plaintiff's petition did plead facts sufficient to state a

cause of action. After a hearing upon defendant's demurrer, it was sustained and plaintiff's request for judgment was refused, the effect of which was to simply conclude that plaintiff's petition did not state a cause of action.

Thereafter, plaintiff did not elect to stand upon his petition, and no judgment was rendered by the trial court disposing of the case and terminating the litigation in that court. Nevertheless, plaintiff appealed to this court, assigning among other things that the trial court erred in sustaining defendant's demurrer and refusing plaintiff's request for judgment in his favor.

In Anson v. Kruse, 147 Neb. 989, 25 N. W. 2d 896, we said: "A final judgment is one that disposes of the case either by dismissing it before hearing is had upon the merits, or after trial by rendition of judgment for the plaintiff or defendant. A judgment or order is not final unless it determines the rights of the litigants and precludes further inquiry." Therein we held: "An order overruling a demurrer to a petition, in the absence of further proceedings, is not a final order reviewable on appeal." See, also, Barry v. Wolf, 148 Neb. 27, 26 N. W. 2d 303.

In Koehn v. Union Fire Ins. Co., 151 Neb. 859, 39 N. W. 2d 808, we held: "An order sustaining a demurrer to a petition, without a dismissal or other final disposition of the case, is not a final order reviewable on appeal."

Such rules are applicable and controlling here. Accordingly, we conclude that plaintiff's appeal should be and hereby is dismissed at plaintiff's costs.

APPEAL DISMISSED.