JIMMY JOE ROOT, BY AND THROUGH HIS FATHER AND NEXT FRIEND, LOYD ROOT, APPELLANT, v. SCHOOL DISTRICT No. 25 OF CUSTER COUNTY ET AL., APPELLEES.

157 N. W. 2d 877

Filed April 5, 1968. No. 36808.

Thomas O. David and Thomas H. Dorwart, for appellant.

Johnson, Kelly, Evans & Spencer, Tedd C. Huston, and Dier & Ross, for appellees.

Person & Dier, for amicus curiae.

Heard before WHITE, C. J., CARTER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This is an action by Jimmy Joe Root by his father and next friend against School District No. 25 of Custer County, the members of its school board, and the superintendent and principal of the schools of the district, to recover damages for personal injuries suffered by Jimmy Joe Root through the alleged negligence of the defendants. The trial court overruled special appearances by all of the defendants and subsequently sustained a general demurrer to the petition.

The petition alleges Jimmy Joe Root was a student in the school district's high school and, while starting down a stairway of the junior high school building, a large and unruly mob of students suddenly rushed down the hall and stairs, striking Jimmy Joe Root from behind and causing him to fall down a stairway to his injury. The specific acts of negligence were: (1) In failing to provide adequate supervision in the halls of the school building, and (2) in failing to keep the stairway in proper condition for use by the pupils attending the school.

It is evident from the briefs that the demurrers were sustained on the basis of the immunity of the school district from tort liability while acting in a governmental capacity. In any event, the appeal is taken from the sustaining of the demurrers and the overruling of the special appearances which is not a final order, no dismissal of the action having been entered. The cases are legion which hold that the sustaining of a demurrer or the overruling of a special appearance is not a final order from which an appeal can be taken.

To entitle a party to a review, there must have been a final order rendered in the cause. Reynolds v. City of Tecumseh, 48 Neb. 785, 67 N. W. 792. The Supreme Court has no jurisdiction to entertain an appeal from an

order which is not a final one. Barkley v. Pool, 102 Neb. 799, 169 N. W. 730. In the absence of a judgment or order finally disposing of a case, the Supreme Court has no authority or jurisdiction to act, and in the absence of such judgment or order the appeal will be dismissed. Busboom v. Gregory, 179 Neb. 254, 137 N. W. 2d 825. An order sustaining a general demurrer to a petition, not followed by a judgment of dismissal or other final disposition of the case, is not a final order or judgment, and is not reviewable in this court. Shipley v. Shipley, 154 Neb. 872, 50 N. W. 2d 103. See, also, Koehn v. Union Fire Ins. Co., 151 Neb. 859, 39 N. W. 2d 808; § 25-1902, R. R. S. 1943. An order overruling a special appearance is not a final order. In re Estate of Greenamyre, 133 Neb. 693, 276 N. W. 686. Where plaintiff did not elect to stand upon his petition after defendants' demurrer to it was sustained, and no judgment was rendered by the trial court disposing of the case and terminating the litigation in that court, the order sustaining the demurrer was not a "final order" reviewable on appeal. Lindquist v. Towle, 164 Neb. 524, 82 N. W. 2d 631. Under the foregoing holdings, this court is without jurisdiction to review the purported appeal in this case and it is dismissed.

APPEAL DISMISSED.

SPENCER, J., participating on briefs.