STATE OF NEBRASKA EX REL. GEORGE E. WRIGHT, INDIVIDUALLY
AND AS NEXT FRIEND OF HIS MINOR SON, MATTHEW J. WRIGHT,
APPELLEE, V. JOANNE PEPPERL, REVISOR OF STATUTES OF THE
STATE OF NEBRASKA, APPELLANT.
380 N.W.2d 259

Filed January 24, 1986.   No. 84-729.

Robert M. Spire, Attorney General, and Harold Mosher, for appellant.

Robert B. Crosby and Steven G. Seglin of Crosby, Guenzel, Davis, Kessner & Kuester, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

KRIVOSHA, C.J.

This appeal presents two questions of law to be resolved by this court. The first question is whether the state Revisor of Statutes can be compelled by writ of mandamus to publish the laws as enacted by the Legislature of the State of Nebraska when the Revisor of Statutes refuses to do so. The second question is whether the constitutionality of a law enacted by the Legislature, having no reference to the Revisor of Statutes, can be tested in a mandamus action against the Revisor of Statutes.

This action was originally commenced in the district court for Lancaster County, Nebraska, by the appellee, George E. Wright, individually and as next friend of his minor son, Matthew J. Wright. The petition, as originally filed, sought declaratory relief. The two named defendants were Joanne Pepperl, the Revisor of Statutes, and Paul L. Douglas, then Attorney General of the State of Nebraska. The Revisor of Statutes filed a demurrer, and the Attorney General filed a special appearance. When the case came on for hearing, Wright dismissed the cause as to the Attorney General and was granted leave to file an amended petition asking only for a writ of mandamus to be issued against the Revisor of Statutes, requiring her to publish Neb. Rev. Stat. §§ 79-4,118 and 79-4,119 as previously enacted by the Legislature in 1973. See 1973 Neb. Laws, L.B. 358, §§ 3 and 4. The Revisor of Statutes filed an answer in which she admitted §§ 79-4,118 and 79-4,119 were not then published in a form which gave effect to §§ 3 and 4 of L.B. 358. She further set out a number of defenses, including that Wright has a plain and adequate remedy at law,

and therefore was not entitled to mandamus, and that, in any event, L.B. 358 violated Neb. Const. art. VII, § 11. The district court determined that L.B. 358 was constitutional and ordered the Revisor of Statutes to publish §§ 79-4,118 and 79-4,119 as enacted by the Legislature in L.B. 358.

It is from this order which the Revisor of Statutes now appeals, assigning as error the following:

1. The district court erred in not finding that there is a defect of parties plaintiff.

2. The district court erred in not finding that plaintiff has a plain and adequate remedy in the ordinary course of law.

3. The district court erred in not finding that the amended petition does not state facts sufficient to constitute a cause of action.

4. The district court erred in not finding that the one or more causes of action, if any there be, are improperly joined.

5. The district court erred in not finding there is a defect of parties defendant.

6. The district court erred in not finding that the action is barred by the statute of limitations.

7. The district court erred in not finding that LB 358, Sections 3 and 4, Laws of Nebraska 1973, is unconstitutionally ambiguous and vague.

8. The district court erred in not finding that LB 358, Laws of Nebraska 1973, insofar as it provides for the loan of state purchased textbooks to nonpublic schools and their students is unconstitutional under Article VII, Section 11, of the Nebraska Constitution.

Assignments Nos. 1, 3, 4, and 5 were not discussed in appellant's brief and thus will not be considered by this court on appeal. See *State v. Hansen, ante* p. 103, 375 N.W.2d 605 (1985). In addition, for reasons which we will explain hereafter, we also need not consider assignments Nos. 7 and 8 or appellant's argument that L.B. 358 is unconstitutional because it contains more than one subject. In sum, we need only consider assignments Nos. 2 and 6. In doing so we find that the decision of the district court must be in part affirmed and in

part reversed.

The evidence discloses that in 1971 the Nebraska Legislature enacted the Nebraska textbook loan act, L.B. 659. Generally, the legislative program embodied in this act was intended to provide financial assistance to nonpublic elementary and secondary schools through the loan of secular textbooks by public school district boards of education to private schools. The constitutionality of this act was challenged, and on July 25, 1974, we declared the act unconstitutional. See *Gaffney v. State Department of Education*, 192 Neb. 358, 220 N.W.2d 550 (1974). Our decision was based upon the Constitution of the State of Nebraska as it existed in 1971. In May of 1972, after L.B. 659 had been enacted, Neb. Const. art. VII, § 11, was amended by the people and the language significantly changed. See *Lenstrom v. Thone*, 209 Neb. 783, 311 N.W.2d 884 (1981). When the Legislature convened in 1973, it enacted L.B. 358, which was virtually identical with the earlier act, L.B. 659, which was later to be declared unconstitutional by this court in *Gaffney, supra*. L.B. 358, as enacted by the Legislature, was published in the session laws of 1973; but in 1975 when the Revisor of Statutes, at that time Bruce Cutshall, prepared and published the laws enacted by the Legislature in 1973, he excised those portions of L.B. 358 which authorize the textbook loan program and instead printed §§ 79-4,118 and 79-4,119 as they existed prior to our declaring the 1971 act unconstitutional. See 5 Neb. Rev. Stat. (Reissue 1976). In doing so the Revisor noted, "The Revisor of Statutes, as authorized by section 49-705, has reinstated section 79-4,118 as it existed immediately prior to being amended by section 2 of LB 659, Laws 1971, which the Supreme Court has held to be unconstitutional." Therefore, §§ 79-4,118 and 79-4,119 do not appear in the revised statutes in the form in which they had been enacted by the Legislature in 1973, although at the end of each section the revisor noted that the section had been amended in 1973 by L.B. 358. This was so even though the constitutionality of L.B. 358 had never been tested and, except for the fact that it did not appear in the revised statutes, was still the law of the State of Nebraska.

On November 30, 1982, George Wright made a written request to the board of education of the Norfolk Public Schools

for the loan of textbooks which are designated for use in the public school. The request was made on behalf of his son, Matthew J. Wright, who at that time attended sixth grade of the Sacred Heart Elementary School in Norfolk. A similar request was made on November 2, 1983. Both requests were denied by the board of education for the reason that §§ 79-4,118 and 79-4,119, as they appeared in volume 5 of the Revised Statutes of Nebraska, did not include the language contained in L.B. 358 which authorized the school district to purchase and loan textbooks to children who are enrolled in a private school. It was apparently the position of the school board that if the statute did not appear "in the red books" it was not the law and therefore could not be implemented.

In deciding this matter we turn first to the contention made by the Revisor of Statutes that, even if a duty to publish existed, Wright is barred from enforcing the publication because the statute of limitations has run on the cause of action. Although the contention is raised by the Revisor of Statutes, no authority is cited to us in support of that position, nor is any argument made explaining how or in what manner the statute of limitations in such a case could run. We believe that the contention is simply without merit. Under the provisions of Neb. Rev. Stat. § 49-702(4) (Reissue 1984), the Revisor of Statutes is obligated "[t]o prepare, arrange and correlate for publication, at the end of each legislative session, the laws enacted during the session, and to arrange and correlate for publication replacements of the permanent volumes of the statutes." Further, Neb. Rev. Stat. § 49-765 (Reissue 1984) provides in part: "The Revisor of Statutes, when reissuing and bringing up to date the Revised Statutes of Nebraska, 1943, shall incorporate in the reissued volumes all laws enacted by the Legislature since the volumes to be reissued were brought up to date." And Neb. Rev. Stat. § 49-767 (Reissue 1984) obligates the Revisor of Statutes to "certify that the contents of the supplements and reissued volumes, as published, are true copies of *all* laws of a general nature that are in force at the time of the publication thereof." (Emphasis supplied.)

This is a continuing duty imposed upon the Revisor of Statutes each day during which the revisor occupies that office.

It would be manifestly absurd to suggest that a law enacted by the Legislature of the State of Nebraska could be effectively repealed if the Revisor of Statutes failed to publish the law within 4 years of its enactment and no one challenged that failure. In the first instance it is not the publication by the revisor which creates the law. It is adoption by the Legislature and the Governor's signature which cause a law to be enacted. See Neb. Const. art. III, § 14, and art. IV, § 15. As each day commenced, the Revisor of Statutes was obligated to publish the laws of Nebraska at such time as a revised edition of the statutes of Nebraska was prepared. Therefore, even if one may argue that some form of statute of limitations must apply to every action, then it must be likewise recognized that each day the failure to act commenced a new cause of action. Therefore, until the statute was properly published an action for a writ of mandamus, if proper, would not be subject to a claim that the action was barred by a 4-year statute of limitations.

That brings us to the question of whether the writ of mandamus should have been issued. In deciding that issue we must consider whether the district court should have passed upon the constitutionality of L.B. 358 or should have limited its judgment merely to issuing a writ of mandamus because of the Revisor of Statutes' refusal to perform a purely ministerial function.

The statutes of the State of Nebraska provide for the issuance of a writ of mandamus and prescribe when and under what conditions that writ may be issued. See Neb. Rev. Stat. §§ 25-2156 to 25-2169 (Reissue 1979). Section 25-2156 specifically provides:

> The writ of mandamus may be issued to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law specifically enjoins as a duty resulting from an office, trust or station. Though it may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, it cannot control judicial discretion.

In *State ex rel. Herman v. City of Grand Island*, 145 Neb. 150, 15 N.W.2d 341 (1944), we explained in some detail the function of a writ of mandamus. We said at 157-58, 15 N.W.2d

at 346:

It is generally held that mandamus only lies to enforce the performance of a ministerial act or duty, and not to control judicial discretion. It has been authoritatively said that, "A duty or act is ministerial in the sense here intended when there is no room for the exercise of discretion, official or otherwise, the performance being required by direct and positive command of the law. It is such an act as an official or agent is required to perform upon a given state of facts in a prescribed manner in obedience to the mandate of legal authority and without regard to his own judgment or opinion concerning the propriety or impropriety of the act to be performed. Where the duty in a particular situation is so plainly prescribed as to be free from doubt, it is regarded as being so far ministerial that its performance may be compelled by mandamus, unless there is provision or implication to the contrary." 34 Am. Jur., sec. 70, p. 859. "Where the duty is such as necessarily requires the examination of evidence and the decision of questions of law and fact, such a duty is not ministerial; but an act is none the less ministerial because the person performing it may have to satisfy himself that the state of facts exists under which it is his right and duty to perform the act." 38 C.J., sec. 73, p. 598.

"Every statute to some extent requires construction by the public officer whose duties may be defined therein. Such officer must read the law and must, therefore, in a certain sense, construe it in order to form a judgment from its language as to what duties he is directed by statute to perform. But that does not necessarily and in all cases make the duty of the officer anything other than a purely ministerial one. If the law directs him to perform an act in regard to which no discretion is committed to him, and which, upon the facts existing, he is bound to perform, then that act is ministerial, although depending upon a statute which requires, in some degree, a construction of its language by the officer." 34 Am. Jur., sec. 72, p. 862.

See, also, *Watts v. City of Omaha*, 184 Neb. 41, 165 N.W.2d 104

(1969).

It would appear that, from a reading of Neb. Rev. Stat. §§ 49-705, 49-765, and 49-767 (Reissue 1984), the Revisor of Statutes is obligated by law to print and publish the laws as enacted by the Legislature, and not to exercise his or her own discretion in excising a portion of the law.

The Revisor of Statutes argues, however, that § 49-705(2) requires and empowers the Revisor of Statutes to delete from the statutes those laws which are unconstitutional. In part, the Revisor of Statutes is correct, in that § 49-705(2) provides in part:

> In addition to the authority provided in subsection (1) of this section, the Revisor of Statutes, in preparing supplements and reissued or replacement volumes for publication and distribution, may . . . (c) remove from within any section language which the *Supreme Court has held to be unconstitutional* without impairing the constitutionality of the remainder of the section, (d) omit any section or sections, or any complete act, which the *Supreme Court has held to be unconstitutional,* (e) reinstate a section as it existed immediately prior to an amendment which the *Supreme Court has held unconstitutional* . . . .

(Emphasis supplied.)

What the Revisor of Statutes fails to recognize, however, is that the Supreme Court of Nebraska has never passed upon the constitutionality of 1973 Neb. Laws, L.B. 358. Even though L.B. 358 is, in language, nearly identical with the earlier 1971 Neb. Laws, L.B. 659, which the Supreme Court did declare unconstitutional, it is not L.B. 659. L.B. 358 is not unconstitutional until declared so by the Supreme Court. State laws are accorded a presumption of constitutionality, see, *State v. Edmunds,* 211 Neb. 380, 318 N.W.2d 859 (1982), and *Parker v. Roth,* 202 Neb. 850, 278 N.W.2d 106 (1979), and the power to declare an act of the Legislature unconstitutional is a judicial power reserved solely to the courts and not to any other public official. See *Metropolitan Utilities Dist. v. Merritt Beach Co.,* 179 Neb. 783, 140 N.W.2d 626 (1966). As we observed in *State v. Karel,* 204 Neb. 573, 576, 284 N.W.2d 12, 14 (1979):

"Changes made by the Revisor of Statutes in preparing supplements and reissued or replacement volumes of the Revised Statutes, under the provisions of section 49-705, R.R.S. 1943, cannot change the substantive meaning of any statute as enacted by the Legislature." The fact that the language of 1973 Neb. Laws, L.B. 358, is nearly identical with the language of 1971 Neb. Laws, L.B. 659, does not render L.B. 358 unconstitutional unless and until it is declared so by this court. And unless and until a law is declared unconstitutional by the Supreme Court, the authority granted to the Revisor of Statutes in § 49-705(2)(c), (d), and (e) does not become operatiave.

In the instant case there was a constitutional amendment enacted by the people between the time that 1971 Neb. Laws, L.B. 659, and 1973 Neb. Laws, L.B. 358, were enacted. To suggest, therefore, that L.B. 358 is unconstitutional because of our earlier holding in *Gaffney v. State Department of Education*, 192 Neb. 358, 220 N.W.2d 550 (1974), is wholly without merit. The Revisor of Statutes was obligated to publish the law as enacted by the Legislature, and in the event the Revisor of Statutes fails to publish the law, he or she can be compelled to do so by a writ of mandamus.

That leaves us with only the question of whether the district court should have passed upon the constitutionality of 1973 Neb. Laws, L.B. 358. We think not. As we have already indicated, the purpose of a writ of mandamus is simply to compel a public official to perform a duty ministerial in nature and clearly prescribed. The parties have both cited to us the case of *Van Horn v. State*, 46 Neb. 62, 64 N.W. 365 (1895), as authority for the proposition that the constitutionality of an act may be tested in an action seeking a writ of mandamus. We believe, however, that the situation in *Van Horn* is not at all similar to that in the instant case, and the distinction points up the difference. In *Van Horn* the Legislature, in 1895, made radical changes with regard to counties under township organization, fixing the number of supervisors in such counties at seven and requiring that a special meeting be called at which the board of supervisors would redivide the county into suitable districts and choose supervisors for each of such districts. The

members of the board of supervisors refused to perform that duty, maintaining that the *duty* imposed upon them by the law enacted in 1895 was unconstitutional. That is to say, they maintained that they were not required to perform the ministerial duty because the duty was in violation of the Constitution. In permitting the board members to raise the constitutionality of the duty, we said in *Van Horn v. State, supra*: "Ministerial officers, upon whom the legislature has sought to impose a duty by statute, may assert the unconstitutionality of that statute as a defense to an application for a *mandamus* to require them to perform the supposed duty." (Syllabus of the court.)

In the instant case, however, the duty imposed upon the Revisor of Statutes is not to purchase and issue schoolbooks, the subject of 1973 Neb. Laws, L.B. 358, but, rather, only to publish the laws as adopted by the Legislature. The Revisor of Statutes has no right nor duty to pass upon the constitutionality of legislative acts not determined by this court to be unconstitutional, and therefore has no right to raise the constitutionality of an act as a defense to his or her failure to publish the law as enacted by the Legislature. If the Revisor of Statutes had maintained that the act to be performed by the Revisor of Statutes was unconstitutional, then *Van Horn* might apply. But, here, the Revisor of Statutes does not claim that § 49-705(2) is unconstitutional, and therefore *Van Horn* does not apply. Until this court, in a proper case, determines the status of L.B. 358, the Revisor of Statutes is obligated to publish the law.

The parties argue that even if the action by the district court was inappropriate, we should nevertheless resolve the matter because it is now before us. However, a system of laws cannot operate on the basis that procedures may be disregarded and parties may agree to try issues not properly before a court. The sole and only question to be considered by the district court in an action for a writ of mandamus is whether the act sought to be compelled is ministerial in nature and without discretion. The constitutionality of L.B. 358 is not involved in the question of whether the Revisor of Statutes should be required to publish the laws as enacted by the Legislature. For that reason the

constitutionality should not have been considered.

The judgment of the district court, therefore, is affirmed insofar as it issued the writ of mandamus compelling the Revisor of Statutes to print 1973 Neb. Laws, L.B. 358, and is reversed and the cause remanded with directions to dismiss as to the question regarding constitutionality.

AFFIRMED IN PART, AND IN PART REVERSED AND
REMANDED WITH DIRECTIONS TO DISMISS.

BOSLAUGH, J., concurs in the result.