STATE OF NEBRASKA EX REL. TWILA KEENER, AS MOTHER AND NEXT FRIEND OF TRESA KEENER, A MINOR CHILD, APPELLANT, V. JACK D. GRAFF, APPELLEE.
STATE OF NEBRASKA EX REL. JOYCE C. SOHL, AS MOTHER AND NEXT FRIEND OF TERESSA L. SOHL, A MINOR CHILD, APPELLANT, V. JACK D. GRAFF, APPELLEE.
558 N.W.2d 538

Filed January 24, 1997.    Nos. S-94-1232, S-94-1233.

John J. Kohl, Platte County Attorney, and W. Patrick Dunn for appellant.

David A. Battiato, of University of Nebraska Civil Clinical Law Program, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, and GERRARD, JJ.

CONNOLLY, J.

After a hearing on appellant State of Nebraska's demurrers, the district court for Platte County found, without taking any evidence, appellee Jack D. Graff's incarceration for sexual assault a material change in circumstances and therefore reduced his child support obligations. Because we conclude there is no final order for purposes of appeal, we dismiss this appeal for lack of jurisdiction.

## BACKGROUND

Graff was determined to be the natural father of Tresa Keener on April 2, 1982, and of Teressa L. Sohl on October 2, 1987. As a consequence of these findings, Graff was required to pay child support on behalf of Tresa in the amount of $140 per month and on behalf of Teressa in the amount of $100 per month. Graff filed applications for modification of his child support obligations with the district court, alleging that there had been a material change in circumstances so as to warrant a reduction in his payment obligations. The material change in question is Graff's incarceration within the Nebraska Department of Correctional Services facilities for a term of 4 to 6 years for sexual assault.

The State responded to Graff's petitions by filing a demurrer to each application, contending that each failed to state a cause of action upon which relief could be granted. Argument was had

on the demurrers before the district court on November 4, 1994. The court did not immediately rule on the demurrers, but instead took the matter under advisement.

Despite hearing no evidence, the district court, in journal orders dated December 1, 1994, granted Graff's applications, specifically finding that Graff's incarceration constituted a material change in circumstances, thereby warranting a decrease in his obligations to $50 per month per child. The State appeals. For purposes of appeal, the two cases have been consolidated.

## ASSIGNMENT OF ERROR

The State contends the district court erred in finding that Graff's incarceration was a material change in circumstances warranting a reduction of his child support obligations.

## STANDARD OF REVIEW

For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken. Conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *City of Lincoln v. Twin Platte NRD*, 250 Neb. 452, 551 N.W.2d 6 (1996); *Village of Orleans v. Dietz*, 248 Neb. 806, 539 N.W.2d 440 (1995).

## ANALYSIS

Determination of this appeal requires us to examine the procedural posture of the lower court proceedings.

The relatively short transcripts and bill of exceptions in this matter reveal that Graff's applications for modification of child support were filed on October 21, 1994. The State's corresponding demurrers were filed shortly thereafter, on November 3. As indicated above, argument was had on the demurrers the following day, and the trial court took the matter under advisement.

On December 1, 1994, the district court filed journal entries for each application. The beginning of each order recites, "NOW on this 4th day of November, 1994, the above-entitled matter comes before the Court for hearing on the defendant's Application for Modification of Order." The court, without

hearing any evidence, proceeded to grant Graff's modification requests, specifically finding his incarceration to be a material change in circumstances warranting a reduction in payment obligations. As a result, Graff's obligation was reduced to $50 per month per child. It is axiomatic, however, that a court may not modify a child support order without hearing any evidence. See *Cagle v. Cagle*, 205 Neb. 747, 290 N.W.2d 192 (1980) (modification of support order requires subjective reasoning and analysis based on evidence and witnesses).

In examining the record and, in particular, the court's December 1, 1994, orders, we note that no mention is made regarding the State's demurrers and hearing thereon. As the beginning of each order reveals, however, the decision issued by the court was based upon what occurred at the November 4 hearing. This hearing was solely on the State's demurrers and was not a trial to determine the merits of the applications. Consequently, we must assume that the December 1 orders were issued in response to the State's demurrers, because the court could not have made a determination that a material change in circumstances had occurred when no evidence was adduced.

In determining whether a cause of action has been stated, a petition is to be construed liberally. If as so construed the petition states a cause of action, a demurrer based on the failure to state a cause of action is to be overruled. *Crider v. Bayard City Schools*, 250 Neb. 775, 553 N.W.2d 147 (1996); *Pilot Investment Group v. Hofarth*, 250 Neb. 475, 550 N.W.2d 27 (1996). The district court, through its December 1 orders, obviously concluded that Graff's applications for modification stated a plausible cause of action, as evidenced by the court's granting the relief requested. As such, we conclude the order effectively overruled the State's demurrer.

That being the case, this matter is not properly before this court, for an order overruling a demurrer, in the absence of further proceedings, is not a final order for purposes of appellate review. *Lindquist v. Towle*, 164 Neb. 524, 82 N.W.2d 631 (1957); *Barry v. Wolf*, 148 Neb. 27, 26 N.W.2d 303 (1947); *Anson v. Kruse*, 147 Neb. 989, 25 N.W.2d 896 (1947). In the absence of a final order from which an appeal may be taken, the

appeal must be dismissed for lack of jurisdiction. *Currie v. Chief School Bus Serv.*, 250 Neb. 872, 553 N.W.2d 469 (1996). Accordingly, we must dismiss this appeal.

APPEAL DISMISSED.