JUNEAL PRATT, APPELLANT, V.
NEBRASKA BOARD OF PAROLE, APPELLEE.
567 N.W.2d 183

Filed August 1, 1997.    No. S-95-1033.

Juneal Pratt, pro se.

Don Stenberg, Attorney General, and Marie C. Pawol for appellee.

CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

WRIGHT, J.

This is an appeal from the grant of a demurrer and the dismissal of Juneal Pratt's petition for writ of mandamus to compel the Nebraska Board of Parole (Board) to consider him eligible for parole in accordance with Neb. Rev. Stat. § 83-1,110 (Reissue 1994).

## SCOPE OF REVIEW

When reviewing an order sustaining a demurrer, an appellate court accepts the truth of the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom, but does not accept as true the conclusions of the pleader. *PSB Credit Servs. v. Rich*, 251 Neb. 474, 558 N.W.2d 295 (1997); *Baltensperger v. Wellensiek*, 250 Neb. 938, 554 N.W.2d 137 (1996).

In determining whether a cause of action has been stated, a petition is to be construed liberally. If as so construed the petition states a cause of action, a demurrer must be overruled. *State ex rel. Keener v. Graff*, 251 Neb. 571, 558 N.W.2d 538 (1997); *Crider v. Bayard City Schools*, 250 Neb. 775, 553 N.W.2d 147 (1996).

When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Ackles v. Luttrell, ante* p. 273, 561 N.W.2d 573 (1997); *Ethanair Corp. v. Thompson, ante* p. 245, 561 N.W.2d 225 (1997).

## FACTS

Pratt filed a petition for writ of mandamus in Lancaster County District Court, asking the court to compel the Board to consider him eligible for parole. The petition alleged that

Douglas County District Court Judge Donald J. Hamilton had submitted an official letter to the Board recommending that it consider Pratt for early parole in accordance with § 83-1,110 prior to completion of his minimum term. The petition further alleged that due to the letter, the Board set a parole hearing for Pratt on January 23, 1995; a hearing was held at the Lincoln Correctional Center; and during the hearing, the chairman of the Board announced that he had received a notice from the Attorney General stating that in the opinion of the Attorney General, § 83-1,110 was unconstitutional and directing the Board not to follow § 83-1,110. Attached to Pratt's petition were Attorney General opinions dated November 17, 1993, and January 17, 1995; the December 14, 1989, letter from Judge Hamilton giving approval for the parole of Pratt; a letter from Pratt to the Board dated February 3, 1995; and a January 23, 1995, newspaper article from the Lincoln Journal headlined "Second Pratt parole vote postponed."

On April 17, 1995, the Board filed its demurrer, which alleged the following:

1. The Petition fails to set forth sufficient facts to constitute a cause of action. Specifically, Petitioner seeks to be paroled pursuant to the provisions of Neb. Rev. Stat. § 83-1,110. However, mandamus only lies to enforce the performance of a ministerial act or duty, and not to control judicial discretion. Parole is a completely discretionary function.

2. Further, this Court has ruled that § 83-1,110 is unconstitutional. When a statute is unconstitutional, it is void and unenforceable.

3. Finally, mandamus will not lie where there is a plain and adequate remedy in the ordinary cou[r]se of the law.

The district court sustained the demurrer on August 22, 1995, without opinion and dismissed Pratt's petition. Pratt timely appealed.

## ASSIGNMENT OF ERROR

Pratt assigns as error that the district court erred in its conclusion that mandamus will not lie to compel the performance of state executive officers.

## ANALYSIS

The district court did not state its reasons for sustaining the demurrer. We have previously expressed that when a demurrer is interposed stating several grounds, the court sustaining the demurrer should specify the grounds upon which it is sustained. Otherwise, this court is not informed in regard to wherein the complaint was determined to be deficient. See, *Fulk v. McLellan*, 243 Neb. 143, 498 N.W.2d 90 (1993); *St. Paul Fire & Marine Ins. Co. v. Touche Ross & Co.*, 234 Neb. 789, 452 N.W.2d 746 (1990). However, in *Fulk*, we stated further that when we have no specific findings before us, we must review the grounds of the demurrer to determine if any one objection, or any objections taken together, support the trial court's decision to sustain the demurrer and dismiss the action.

The Board's demurrer alleged that Pratt's petition for writ of mandamus did not state facts sufficient to constitute a cause of action upon which the district court could grant the relief sought. A statement of "facts sufficient to constitute a cause of action," as that phrase is used in Neb. Rev. Stat. § 25-806(6) (Reissue 1995), is a narrative of events, acts, and things done or omitted which show a legal liability of the defendant to the plaintiff. *Giese v. Stice, post* p. 913, 567 N.W.2d 156 (1997).

The rules with regard to demurrers are well settled. A demurrer reaches only defects which appear on the face of a petition and admits all allegations of fact which are relevant, material, and well pled, but does not admit the pleader's conclusions of law. *Clyde v. Buchfinck*, 198 Neb. 586, 254 N.W.2d 393 (1977). When reviewing an order sustaining a demurrer, an appellate court accepts the truth of the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom, but does not accept as true the conclusions of the pleader. *PSB Credit Servs. v. Rich*, 251 Neb. 474, 558 N.W.2d 295 (1997); *Baltensperger v. Wellensiek*, 250 Neb. 938, 554 N.W.2d 137 (1996). In determining whether a cause of action has been stated, a petition is to be construed liberally. If as so construed the petition states a cause of action, a demurrer must be overruled. *State ex rel. Keener v. Graff*, 251 Neb. 571, 558 N.W.2d 538 (1997); *Crider v. Bayard City Schools*, 250 Neb. 775, 553 N.W.2d 147 (1996). A demurrer reaches an

instrument filed with a petition and made a part thereof but does not admit any construction placed on any instrument pled and set forth in the petition. *Clyde v. Buchfinck, supra.* Therefore, in determining whether a demurrer should be sustained, the trial court may construe an instrument made a part of the petition. *Id.*

Pratt attached to the petition a newspaper article from the Lincoln Journal dated January 23, 1995, which indicates that the Board did not act on Pratt's request. Without addressing the reasons why the Board did not act, we can infer that the Board refused to consider Pratt's request to be considered for early parole.

Mandamus is a law action. It is defined as an extraordinary remedy, not a writ of right, issued to compel the performance of a purely ministerial act or duty, imposed by law upon an inferior tribunal, corporation, board, or person where (1) the relator has a clear legal right to the relief sought, (2) there is a corresponding clear duty existing on the part of the respondent to perform the act in question, and (3) there is no other plain and adequate remedy available in the ordinary course of the law. *State ex rel. Wal-Mart v. Kortum,* 251 Neb. 805, 559 N.W.2d 496 (1997).

Pratt relies on § 83-1,110 to establish the Board's clear duty to act and Pratt's corresponding right to relief. We note that since Pratt's petition was filed, the relevant statutory language has been omitted by amendment. However, in considering whether to grant a writ of mandamus, we consider whether the duty to be enforced was one which existed at the time the petition was filed. See *State ex rel. FirsTier Bank v. Buckley,* 244 Neb. 36, 503 N.W.2d 838 (1993).

Thus, we first consider whether § 83-1,110, as it existed at the time Pratt's petition was filed (March 1, 1995), imposed a clear duty on the Board. In other words, we must examine whether the determination of early parole eligibility under § 83-1,110 was a ministerial duty. See *Watts v. City of Omaha,* 184 Neb. 41, 165 N.W.2d 104 (1969). Mandamus is available to enforce the performance of ministerial duties of a public official but is not available if the duties are quasi-judicial or discretionary. *State ex rel. PROUD v. Conley,* 236 Neb. 122, 459 N.W.2d 222 (1990).

The general rule is that an act or duty is ministerial if there is an absolute duty to perform in a specified manner upon the exis-

tence of certain facts. *State ex rel. Wieland v. Beermann*, 246 Neb. 808, 523 N.W.2d 518 (1994). In *State ex rel. Wright v. Pepperl*, 221 Neb. 664, 670, 380 N.W.2d 259, 263 (1986), quoting *State ex rel. Herman v. City of Grand Island*, 145 Neb. 150, 15 N.W.2d 341 (1944), we explained that

> " '[a] duty or act is ministerial . . . when there is no room for the exercise of discretion, official or otherwise, the performance being required by direct and positive command of the law. It is such an act as an official or agent is required to perform upon a given state of facts in a prescribed manner in obedience to the mandate of legal authority and without regard to his own judgment or opinion concerning the propriety or impropriety of the act to be performed. . . .' "

Section 83-1,110(1) provided:

> Every committed offender shall be eligible for release on parole upon completion of the minimum term less good time. A committed offender shall be eligible for parole prior to the expiration of the minimum term whenever the sentencing judge or the judge's successor in office gives approval for the parole of such offender.

As the Board points out, the granting of parole to an inmate is a discretionary act on the part of the Board based upon a predictive judgment of what is best for the inmate and the community. See *Van Ackeren v. Nebraska Bd. of Parole*, 251 Neb. 477, 558 N.W.2d 48 (1997). However, under the plain language of § 83-1,110(1), a finding of eligibility for parole was not discretionary. Rather, it was the duty of the Board to recognize the offender's parole eligibility upon a showing of certain facts, regardless of the Board's own judgment or opinion concerning the propriety or impropriety of such a determination. Therefore, the Board's duty to recognize Pratt's parole eligibility was ministerial. The Board did not have to grant Pratt parole, but it had the duty to consider him for parole.

Still, the Board contends that it did not have a ministerial duty because § 83-1,110 was unconstitutional and therefore void and unenforceable. The demurrer stated: "Further, this Court has ruled that § 83-1,110 is unconstitutional. When a statute is unconstitutional, it is void and unenforceable." In

*Hoesly v. State*, 243 Neb. 304, 312, 498 N.W.2d 571, 576 (1993), we addressed the requirements for challenging the constitutionality of a statute: "A mere blanket challenge of unconstitutionality is not specific enough to allow a trial court to make an informed ruling on the constitutional validity of a statute and robs the trial court of its role as a decisionmaker; it thus does not properly raise a constitutional issue." As a general matter, a constitutional question will not be considered on appeal if not properly raised in the trial court. *Id.*; *State v. Garza*, 242 Neb. 573, 496 N.W.2d 448 (1993).

Although the Board has asserted that § 83-1,110 is unconstitutional, its blanket assertion is not specific enough to properly raise the issue. A statute is presumed to be constitutional, see *State v. Bainbridge*, 249 Neb. 260, 543 N.W.2d 154 (1996), and because the constitutional question was not properly raised in the trial court, the question will not be considered on appeal, see *Hoesly v. State, supra.*

Having found a clear legal duty, we consider whether there was no other plain and adequate remedy available in the ordinary course of the law. The Board contends that a writ of mandamus is not proper in this case because Pratt had the plain and adequate remedy at law to file a petition in error. At the time Pratt filed his petition, petition in error jurisdiction was limited by statute to review of a "judgment rendered or final order made by any tribunal, board, or officer exercising judicial functions and inferior in jurisdiction to the district court . . . ." See Neb. Rev. Stat. § 25-1901 (Cum. Supp. 1994). Having determined that the duty of the Board to recognize parole eligibility under § 83-1,110(1) was ministerial, not judicial, we conclude that petition in error proceedings were not available. See *Singleton v. Kimball County Board of Commissioners*, 203 Neb. 429, 279 N.W.2d 112 (1979) (petition in error proceedings not available to appeal from ministerial acts). Given that Pratt had no other means for compelling the Board to consider him for parole in accordance with § 83-1,110(1) as it existed at the time of Pratt's petition, a writ of mandamus is the appropriate remedy.

Since Pratt's petition alleged facts sufficient to state a cause of action for a writ of mandamus, we find that the district court erred in sustaining the demurrer. Therefore, we reverse the

judgment of the district court and remand the cause for further proceedings in accordance with this opinion. Pratt's motion for attorney fees is overruled.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

WHITE, C.J., participating on briefs.