STATE OF NEBRASKA EX REL. NEIL EMMACK AND
PEGGIE EMMACK, INDIVIDUALS AND AS PARENTS,
GUARDIANS, AND NEXT BEST FRIENDS OF
KEELY EMMACK AND MIKAILA EMMACK, APPELLANTS,
v. DON STENBERG, ATTORNEY GENERAL OF
THE STATE OF NEBRASKA, APPELLEE.

614 N.W. 2d 300

Filed July 14, 2000.   No. S-99-628.

Richard M. Jones and Dennis P. Lee, of Lee & Bucchino Law Firm, for appellants.

Don Stenberg, Attorney General, and John R. Thompson for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

Appellants, Neil Emmack and Peggie Emmack, brought this action seeking a writ of mandamus compelling appellee, Don Stenberg, Attorney General of the State of Nebraska, to pursue and obtain judgments on all forfeited recognizance bonds in criminal cases or, in the alternative, to order the appellee to require the county attorneys of the various counties to obtain such judgments. The district court for Lancaster County denied appellants' application for peremptory writ of mandamus and vacated the alternative writ previously issued by the district

court for Douglas County. Because appellants have failed to show a clear legal duty on the part of appellee to seek judgment of default and execute upon forfeited recognizance bonds, we affirm.

## BACKGROUND

Appellants are the parents of Keely Emmack and Mikaila Emmack, minor children who now attend or in the future will attend the Omaha public school system. Appellants filed a petition for a writ of mandamus on behalf of their children to compel appellee to collect or aid in the collection of moneys allegedly due to the State of Nebraska, which moneys are to be held in trust for the benefit of Nebraska's school system.

The district court for Douglas County issued an alternative writ of mandamus. Upon appellee's motion, the action was transferred to the district court for Lancaster County, where venue was proper. A hearing was held, and the district court for Lancaster County denied appellants' application for peremptory writ of mandamus and vacated the alternative writ issued by the district court for Douglas County.

## ASSIGNMENT OF ERROR

Appellants assign that the district court erred in dismissing their petition for a writ of mandamus.

## STANDARD OF REVIEW

■ On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Susan H. v. Keith L.*, ante p. 322, 609 N.W.2d 659 (2000); *Pratt v. Nebraska Bd. of Parole*, 252 Neb. 906, 567 N.W.2d 183 (1997).

## ANALYSIS

■ To warrant the issuance of a peremptory writ of mandamus to compel the performance of a legal duty to act, (1) the duty must be imposed by law, (2) the duty must still exist at the time the writ is applied for, and (3) the duty must be clear. *State ex rel. Cherry v. Burns*, 258 Neb. 216, 602 N.W.2d 477 (1999).

Appellants argue that appellee has a legal duty to seek judgment on all forfeited recognizance bonds in criminal cases or, in

the alternative, to require the county attorneys of the various counties to seek such judgments. To prove the existence of a legal duty on the part of appellee, appellants cite to three sections of the Nebraska Constitution, which they argue are mandatory, not discretionary. First, appellants cite to article VII, § 1, which provides:

> The Legislature shall provide for the free instruction in the common schools of this state of all persons between the ages of five and twenty-one years. The Legislature may provide for the education of other persons in educational institutions owned and controlled by the state or a political subdivision thereof.

Next, appellants cite to article VII, § 5(1), which provides that "all fines, penalties, and license money . . . shall be appropriated exclusively to the use and support of the common schools." Finally, appellants cite to article VII, § 7, which provides that the net proceeds of lands and other property and effects that come to the State of Nebraska, by escheat or forfeiture, are declared to be perpetual funds for common school purposes.

██ Mandamus is available to enforce the performance of ministerial duties of a public official but is not available if the duties are quasi-judicial or discretionary. *State ex rel. City of Alma v. Furnas Cty. Farms*, 257 Neb. 189, 595 N.W.2d 551 (1999). The general rule is that an act or duty is ministerial if there is an absolute duty to perform in a specified manner upon the existence of certain facts. *Pratt v. Nebraska Bd. of Parole, supra.* We note that at one time, there was a statutory duty imposed upon the prosecuting county attorney to prosecute forfeited recognizance. Prior to 1953, Neb. Rev. Stat. § 29-1102 (Reissue 1948) provided:

> Whenever such recognizance shall have been forfeited as aforesaid, it shall be the duty of the prosecuting attorney of the county in which the recognizance was taken, to prosecute the same by civil action for the penalty thereof; and such action shall be governed by the provisions of the code of criminal procedure or so far as the same may be applicable.

This section was repealed, however, in 1953. See 1953 Neb. Laws, ch. 88, § 6, p. 260. There is no longer any language in

chapter 29, article 11, entitled "Proceedings Upon Forfeiture of Recognizance," that imposes a clear legal duty on the prosecuting attorney to pursue judgment and execution on forfeited recognizance. See Neb. Rev. Stat. § 29-1105 et seq. (Reissue 1995).

Appellants have relied on three provisions of the Constitution of the State of Nebraska to show a legal duty on the part of appellee to seek judgments on forfeited criminal recognizance. None of these provisions impose a duty on appellee, either directly or by implication, to prosecute forfeited criminal recognizance. Therefore, appellants' petition for a writ of mandamus cannot succeed.

## CONCLUSION

We conclude that appellants have not shown a clear legal duty on appellee's behalf to seek judgment on criminal recognizance. Therefore, the district court's dismissal of appellants' petition for writ of mandamus was not erroneous. We affirm.

AFFIRMED.