DAVID D. DITTER, APPELLANT, V.
NEBRASKA BOARD OF PAROLE, APPELLEE.

655 N.W.2d 43

Filed November 26, 2002.   Nos. A-00-657, A-01-1155.

David D. Ditter, pro se.

Don Stenberg, Attorney General, and Jennifer M. Amen for appellee.

HANNON, SIEVERS, and MOORE, Judges.

MOORE, Judge.

## INTRODUCTION

David D. Ditter has filed two appeals from the dismissal of petitions filed in the district court for Lancaster County following decisions of the Nebraska Board of Parole (Board). Pursuant to Ditter's request, the appeals have been consolidated. For the reasons set forth herein, we affirm the district court's dismissal of both actions.

## BACKGROUND

Before we set forth the factual background, we think it is helpful to explain how the parole process works. The parole process consists of two steps. The Board must utilize this two-step process when determining whether an offender is entitled to be paroled.

The first step of the process requires a *review* by the Board. Neb. Rev. Stat. § 83-1,111 (Reissue 1999) states: "Every committed offender shall be interviewed and have his or her record reviewed by two or more members of the Board of Parole or a person designated by the board within sixty days before the expiration of his or her minimum term less any reductions."

The second step of the process under § 83-1,111 establishes when the Board is required to hold a *public hearing*. The pertinent part of § 83-1,111 states:

> If, in the opinion of the reviewers, the review indicates the offender is reasonably likely to be granted parole, the Board

of Parole shall schedule a public hearing before a majority of its members. . . . If, in the opinion of the reviewers, the review indicates the offender should be denied parole, the offender may request an additional review by a majority of the members of the board.

As a part of the review process, the Board meets with such committed offender and counsels him or her concerning his or her progress and prospect for future parole, which counsel includes a review of the circumstances of the offense; the presentence investigation report; the committed offender's previous social history and criminal record; his or her conduct, employment, and attitude during commitment; and the reports of such physical and mental examinations as have been made. Neb. Rev. Stat. § 83-192(1)(f) (Reissue 1999).

Although an offender has an absolute right to a review, it does not have to be conducted annually. Section 83-192 provides how often the Board must provide this review. With regard to the review for committed offenders serving life sentences, § 83-192(1)(f)(v) provides:

If a committed offender is serving a minimum life sentence, his or her record shall be reviewed during the first year of incarceration and every ten years thereafter until such time as the sentence is commuted. If such sentence is commuted, the committed offender's record shall be reviewed annually when he or she is within five years of his or her earliest parole eligibility date.

For an offender serving a life sentence, it would be necessary to first have the sentence commuted before the offender would be eligible for parole. Only the Governor, Attorney General, and Secretary of State, sitting as a board, have power to grant commutations under Neb. Const. art. IV, § 13, after which time the Board has the power to determine the time of release on parole of committed offenders eligible for such release, see § 83-192(1)(f)(v). A committed offender has no right or entitlement to commutation of his sentence. See *Otey v. Hopkins*, 5 F.3d 1125 (8th Cir. 1993).

Ditter is an inmate at the Nebraska State Penitentiary serving a life sentence for first degree murder. At the review of Ditter's case in November 1998, the Board determined that it would not

review Ditter's case again until November 2004. Despite the Board's determination, Ditter again requested an annual review of his case in October 1999. The Board responded in writing, indicating that it was allowed by statute to defer its annual reviews up to 10 years, and the Board thus denied Ditter's request. Ditter persisted in his request for a review, claiming that the statute upon which the Board relied was enacted after his conviction and sentence and therefore violated the prohibition of ex post facto laws. The Board subsequently reconsidered its position and held an annual review of Ditter's case on November 9, 1999. The "Offender Board Review Notice," dated November 10, 1999, deferred Ditter's next review until November 2004.

Unhappy with the results of the Board's review, Ditter filed a petition in error pursuant to Neb. Rev. Stat. § 25-1901 et seq. (Reissue 1995 & Cum. Supp. 2000) on December 9, 1999. The Board demurred to the petition, arguing that the district court was without jurisdiction and that the petition did not state facts sufficient to constitute a cause of action. The Board argued that the Administrative Procedure Act (APA), found at Neb. Rev. Stat. § 84-901 et seq. (Reissue 1999), was Ditter's exclusive method to appeal the Board's decision, specifically relying on §§ 84-919 and 84-917(7). The district court sustained the demurrer, reasoning that the Legislature has not articulated a procedure for appeals from decisions of the Board; that when a method of appeal has not been provided for, the APA controls; and that the Board is an agency as defined by the APA. The district court, citing Neb. Rev. Stat. § 83-199 (Reissue 1999), further stated that while the APA does not apply to the Board or to the performance of its duties, operation, and functions, § 83-199 does not provide that the APA does not apply to persons aggrieved by decisions of the Board. Therefore, the district court ruled that the APA applies to appeals from decisions of the Board.

Ditter timely appealed from the district court's order filed June 8, 2000, sustaining the Board's demurrer and dismissing his case without the opportunity to amend. The court stated that the defect could not be cured. This was Ditter's appeal in case No. A-00-657.

With regard to Ditter's appeal in case No. A-01-1155, the Board held another review of Ditter's case in November 2000.

After that review, the Board informed Ditter via an "Offender Board Review Notice" that his next review was not scheduled until November 2003. However, the Board subsequently issued a "Corrected Offender Board Review Notice" dated November 16, 2000, that advised Ditter his next review date had been rescheduled for November 2002. Again unhappy with the results, Ditter filed a petition in the district court for Lancaster County under both the petition in error statutes and the APA statutes. The Board again demurred to Ditter's petition, arguing that the APA was Ditter's exclusive method to appeal the decision of the Board, but that the APA was not available to Ditter because his case was not a "contested case," as required by § 84-919. The Board's demurrer was sustained as to the petition in error allegations, and the case proceeded under the APA, with the Board later filing a motion for summary judgment on the merits of Ditter's appeal under the APA. Accepting the Board's argument, the district court dismissed Ditter's petition, stating that the Board's review proceeding was not a "contested case," and further found that even if a petition in error was a proper method of appeal, the court did not have jurisdiction because the Board's decision was not a final order affecting a substantial right. Ditter appealed the order of the district court dated September 27, 2001, and raised essentially the same issues as in his appeal in case No. A-00-657.

## ASSIGNMENTS OF ERROR

Consolidating the assigned errors from both appeals, Ditter alleges that the district court erred in (1) sustaining the Board's demurrer and dismissing his case under the petition in error statutes, (2) dismissing Ditter's petition under the APA because the Board's decision was not a "contested case," and (3) finding that the Board's decision did not affect a substantial right of Ditter.

## STANDARD OF REVIEW

In considering a demurrer, a court must assume that the facts pled, as distinguished from legal conclusions, are true as alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of facts not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. *Chambers v.*

*Lautenbaugh*, 263 Neb. 920, 644 N.W.2d 540 (2002). An order sustaining a demurrer will be affirmed if any one of the grounds on which it was asserted is well taken. *Omaha Constr. Indus. Pension Plan v. Children's Hosp.*, 11 Neb. App. 35, 642 N.W.2d 849 (2002).

## ANALYSIS

To resolve these appeals, we first address the proper procedure for appealing a decision of the Board. Ditter claims that the district court erred in sustaining the Board's demurrer to his petitions in error by finding that the APA was his exclusive method to appeal the decisions of the Board.

Ditter argues that the APA does not apply to the Board and cites § 83-199, which succinctly states: "The provisions of the Administrative Procedure Act shall not apply to the Board of Parole or to the exercise of its functions." Ditter further relies on *Van Ackeren v. Nebraska Bd. of Parole*, 251 Neb. 477, 558 N.W.2d 48 (1997), wherein an inmate filed a petition in error challenging the Board's decision to deny his parole due to public opposition. In reaching the merits of that case, neither the district court nor the Supreme Court ever raised any jurisdictional question as to whether a petition in error was the proper vehicle in which to pursue the decision of the Board. Thus, Ditter claims that there is no jurisdictional issue in the instant case because in *Van Ackeren*, the Supreme Court impliedly found that it had jurisdiction over the claims raised by the inmate through his petition in error.

Shortly after the *Van Ackeren* decision, the Nebraska Supreme Court decided *Pratt v. Nebraska Bd. of Parole*, 252 Neb. 906, 567 N.W.2d 183 (1997). In *Pratt*, an inmate filed a petition for writ of mandamus compelling the Board to consider him eligible for parole. The Board argued that a writ of mandamus was not proper because the inmate had the plain and adequate remedy at law to file a petition in error. Having determined that the duty of the Board to recognize the inmate's parole eligibility under the statute then in existence was ministerial, not judicial, the Supreme Court concluded that a petition in error proceeding was not available and that a writ of mandamus was the appropriate remedy. The court did not find that petition in error proceedings

are not available for review of Board decisions which involved judicial functions.

The Board asserts that *Nebraska Pub. Serv. Comm. v. Nebraska Pub. Power Dist.*, 256 Neb. 479, 486, 590 N.W.2d 840, 846 (1999), is controlling, wherein the Supreme Court held the following:

> Under Neb. Rev. Stat. § 84-919 (Reissue 1994), the APA is the exclusive means of judicial review of an agency decision in a contested case, except as otherwise provided by law. Neb. Rev. Stat. § 84-917 (Reissue 1994), which governs agency appeals to the district court, is inapplicable where other provisions of law prescribe the method of appeal. Thus, if the Legislature has provided an appellate procedure other than the APA for appeals from an administrative agency, the APA does not apply, see *R.D.B., Inc. v. Nebraska Liquor Control Comm.*, 229 Neb. 178, 425 N.W.2d 884 (1988); but to the extent that another method of appeal has not been provided, the APA controls, see § 84-919.

The Board argues that since there is no other appellate procedure for review of the Board's decision, the APA provides the exclusive means of judicial review. The Board attempts to distinguish § 83-199 by arguing that the statute "speaks to the Board's internal procedures and not to the appeal of [the Board's] final decisions," which was also the position taken by the district court in its order sustaining the Board's demurrers to Ditter's petitions in error. Brief for appellee in case No. A-00-657 at 7. The Board further argues that the APA contains specific provisions relating to appeals from final decisions of an agency, which provisions should control over the general provisions in the petition in error statutes.

Section 84-901(1) of the APA defines the term "agency" as follows:

> Agency shall mean each board, commission, department, officer, division, or other administrative office or unit of the state government authorized by law to make rules and regulations, except the Adjutant General's office as provided in Chapter 55, the courts including the Nebraska Workers' Compensation Court, the Commission of Industrial

Relations, the Legislature, and the Secretary of State with respect to the duties imposed by the act.

In the instant case, the district court concluded that the Board is an "agency" under the APA pursuant to § 84-901(1) because the chairperson of the Board has authority to " '[a]dopt and promulgate rules and regulations for the administration and operation . . .' of the Board," and that therefore, under § 84-919, the APA is the exclusive means of judicial review. The court then made the distinction that although § 83-199 provides that the APA does not apply to the Board or to the exercise of its functions, it does not indicate that the APA does not apply to persons aggrieved by decisions of the Board. We disagree with this interpretation.

While the APA clearly applies to appeals from agency decisions where another method of appeal is not provided and while there is no other method of appeal specified in the statutes concerning appeals from the Board's decisions, we are still faced with the plain language of § 83-199 contained in the statutes governing the Board. Section 83-199 states: "The provisions of the Administrative Procedure Act shall not apply to the Board of Parole or to the exercise of its functions." While the district court correctly interpreted the statute insofar as it noted that the APA does not apply to the exercise of the Board's functions, we cannot agree with the district court's conclusion that § 83-199 somehow excepts from its application appeals from persons aggrieved by Board decisions. We find no support, statutory or otherwise, for this proposition. Rather, we find that the plain language of the statute—that the provisions of the APA shall not apply to the Board—means just that and does not exclude appeals from Board decisions.

We therefore conclude that the provisions of the APA do not apply to appeals from the Board. Having so concluded, it is unnecessary for us to address whether the Board's review proceeding was a "contested case" under the APA.

We must next address whether a petition in error is the appropriate procedure for an appeal of a Board's decision in connection with an offender review. Section 25-1901 of the petition in error statutes allows a judgment rendered or final order made by any tribunal, board, or officer *exercising judicial functions* and inferior in jurisdiction to the district court to be reversed, vacated, or

modified by the district court with the exception of appeals made from juvenile court or appeals from a county court in matters arising under the Nebraska Probate Code, in matters involving adoption or inheritance tax, or in domestic relations matters.

The question then becomes whether a decision by the Board after a review constitutes the exercise of a "judicial function" under the petition in error statutes such that the decision can be appealed to the district court.

A board or tribunal exercises a judicial function if it decides a dispute of adjudicative fact or if a statute requires it to act in a judicial manner. *Douglas Cty. Bd. of Comrs. v. Civil Serv. Comm.*, 263 Neb. 544, 641 N.W.2d 55 (2002); *Hawkins v. City of Omaha*, 261 Neb. 943, 627 N.W.2d 118 (2001). Adjudicative facts are facts which relate to a specific party and are adduced from formal proof. *Hawkins v. City of Omaha, supra.* Adjudicative facts pertain to questions of who did what, where, when, how, why, and with what motive or intent. They are roughly the kind of facts which would go to a jury in a jury case. *Id.* Whether a board or tribunal is required to conduct a hearing and receive evidence may be considered in determining whether the inferior board or tribunal exercised judicial functions. *Id.* See *School Dist. No. 23 v. School Dist. No. 11*, 181 Neb. 305, 307-08, 148 N.W.2d 301, 303 (1967) (" 'trial type of hearing is ordinarily required for disputes of adjudicative facts' "). Where an inferior board or tribunal decides no question of adjudicative fact and no statute requires the board or tribunal to act in a judicial manner, such orders are not reviewable by error proceedings. *Hawkins v. City of Omaha, supra.*

While § 83-1,111 provides that an offender may present evidence, call witnesses, and be represented by counsel at a parole hearing, no such rights are provided at a review by the Board. A parole hearing obviously did not occur in this case and was not required because § 83-1,111 does not require a hearing unless the Board first determines the offender is likely to be paroled. As mentioned previously, the review is designed to counsel the offender concerning his progress and prospect for future parole. The Board does not decide disputes of adjudicative facts at a review, and the statute does not require the Board to act in a judicial manner at a review. We conclude that the Board is not

exercising judicial functions at a review and that therefore, the petition in error proceeding is not available as a means of appeal from the Board's decision following a review. See *Pratt v. Nebraska Bd. of Parole*, 252 Neb. 906, 567 N.W.2d 183 (1997). Given this conclusion, it is unnecessary for us to address Ditter's remaining assignment of error, that being whether the district court erred in finding that even if the petition in error proceeding was appropriate, the Board's finding did not affect a substantial right and was therefore not appealable.

Although we conclude that the district court erred in determining that the APA applies to appeals from the decisions of the Board, we conclude that a petition in error proceeding is not available as a means of appeal from the Board following a review by the Board under § 83-1,111. Thus, dismissal of Ditter's appeals by the district court was appropriate, although for reasons other than relied upon by the district court.

## CONCLUSION

The dismissal of the appeals by the district court is affirmed.

AFFIRMED.